By the Court, Cowen, J.
The court erred in their directions to the jury. We entertain no doubt that a present interest in the term passed from Whitney to' Allaire for one year. (Shep. Touch. 241, 267, 272. Woodf. L. & T. 162, Lond, ed. of 1804.) It is entirely settled that when property is purchased on the faith of the fraudulent misrepresentation of the vendor, the vendee has an election either to repudiate the contract, or take the benefit of it, and when sued for the price agreed, to have deducted from it the damages which he has sustained in consequence of the fraud. (Beecker v. Vrooman, 13 John. R. 302. Reab v. McAllister, 8 Wendell, 116.) This has never been denied. That he receives a delivery of takes possession of the property sold after discovering the fraud, makes no difference in principle. The present case is entirely analogous. The damages, sustained by the fraud were at least the amount of rent which Allaire was, in good faith, obliged to pay for the corporation property; and the jury should have been instructed to deduct so much on the hypothesis put to them.
It is not necessary to deny, that where a vendee or a lessee takes or holds possession after he has .discovered the fraud of his vendor or lessor, he shall not be allowed to rescind the contract ; in other words, to say, as he always may do in the first instance, that the whole is void. Certainly the jury might well have been instructed in the present case, that Allaire had made the lease good by election; that he had waived the right to consider it a nullity. That, however, is a very different matter from a waiver of the cause of action or recoupment. When a man is drawn into a contract of sale or demise by fraud, a right of action attaches immediately, as much so as if trespass had been committed against him; and though he may affirm the transfer of interest and take the property, yet waiver is no more predicable of the cause of action, than where a man receives a delivery of goods which have been tortiously taken from him. The vendor or lessor was a wrongdoer when he committed the fraud; and no act of the injured party short *487 of a release or satisfaction will bar the remedy, though it may mitigate the amount of damage.
The court below seemed to treat the contract in question as executory: whereas, it raised a clear intefesse termini, as may be seen by the authorities already cited. Shep. Touch. 241, says, a lease for years to begin in futuro is grantable over. This shows that it is not a mere chose in action. But take it that a man fraudulently draws another into a contract to accept and pay for a chattel a month after: the vendee discovering the fraud on the next day, is it to be tolerated that he shall not' have an action immediately ? If he pay any thing, even no more than a cent, as earnest, there would be no doubt. But actual damage is not necessary to an action. A violation of right with a possibility of damage, forms the ground of an action. This was admitted by Powell, J. in Ashby v. White, (2 Ld. Raym. 948,) though he was against the action by an elector for refusing his vote. He puts the case of an action by the owner of an ancient market for erecting another market near his, which he concedes would form a ground of action without showing a diversion of toll. It goes, he admits, on the possibility that toll may be thus diverted. So, an action lies for diverting part of a stream to which a man is entitled, though it do him no injury, on the possibility that a continuance of the diversion for twenty years might bar his right. (Nelson, J. in Crooker v. Bragg, 10 Wendell, 260, 264, 265.) In the case at bar, Allaire might have been delayed and deprived of the chance of obtaining another convenient water lot for his business, perhaps any lot at all. Once establish, therefore, that in all matters of pecuniary dealings, in all matters of contract, a man has a legal right to demand that his neighbor shall be honest; and the consequence follows: viz. if he be drawn into a contract by fraud, this is an injury actionable per se. Indeed, it would not be difficult, in all such cases, to show the degree of actual damage. The time of the injured party has been consumed in doing a vain thing, or. one comparatively vain; and time is money. It would *488 not be difficult, therefore, to satisfy the more ancient and strict rule of the Year Book, (19 H. 6, 44, pl. 92,) viz. 11 That there must not only be a thing done amiss, but also a damage either already fallen upon the party or else inevitable.” (Waterer & Freeman, Hob 267.) Fraud is a thing grievously amiss,, and above all, odious to the law'; and fraud in a contract can hardly be conceived without being attended with damage in fact. ' '
A right of action thus being complete on the day of the contract in question, whether it be considered as creating an interesse termini, or an executory contract, there could be no waiver of it eo nomine. In Baylis v. Usher, (4 Moore & Payne, 790, 7 Bing. 153, S. C. nom. Baylis v. Fisher,) the landlord made a formal distress, but never removed the property, leaving it in the tenant’s uncontrolled use. In an action on the case for an excessive distress, the defence was that no damage had accrued. Bosanquet, J. referred to and recognized the rule as laid down in Willoughby v. Backhouse, (4 Dowl. & Ryl, 539; 2 Barn. & Cress. 821, S. C.,) viz. “ a right of action once vested can only be destroyed by a release under seal, or by the receipt of something in satisfaction of the wrong done.(a) Therefore the tenant does not waive his right of action for an excessive distress, though he afterwards enter into a written agreement with' his landlord respecting a sale of the effects seized.”
On any view I have been able to take of this case, I am of opinion that the judgment of the superior court must be reversed.
Judgment reversed.

 See Bowman v. Teall, 23 Wendell, 306.